Victoria L. Vreeland, WSBA No. 08046
VREELAND LAW PLLC
500 108th Avenue NE, Suite 740
Bellevue, WA  98004
Tel:  (425) 623-1300
Fax: (425) 623-1310
Email:  vicky@vreeland-law.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRENDA FRIAS PEREZ, GLORIA GUIZAR NEGRETTE, PATRICIA LOZANO, and ORALIA GUTIERREZ-VERDUZCO,<br><br>              Plaintiffs,<br><br>    v.<br><br>RITCHIE LAW, PLLC, a Washington Professional Limited Liability Company d/b/a RITCHIE REIERSEN INJURY AND IMMIGRATION ATTORNEYS; BRANDON M. RITCHIE, individually and his marital community; and ERIC K. REIERSEN, individually, and his marital community,<br><br>              Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES AND FURTHER RELIEF<br><br>**\* \* \* JURY DEMAND \* \* \*** |

## I.     INTRODUCTION

For nearly a decade, Brandon M. Ritchie has sexually harassed, intimidated and exploited his primarily young Latina staff and has consistently denigrated

COMPLAINT FOR DAMAGES AND FURTHER RELIEF –
1 of 29
{2374.01 - 00117550}

their gender, race, national origin, and ethnicity. His racist comments about Mexicans, immigrants, and Hispanics – to his staff and about his clients – were routine and demeaning. His sexual harassment and objectification of his staff was widespread and well-known – with intrusive questioning about marital status and personal relationships, demeaning comments about women, persistent lewd, lecherous leering, staring, and ogling, blatantly fixing long stares on their breasts, buttocks, legs.  He has followed and sought them out, looked them over constantly with *elevator eyes,* and watched them walk away to *check them out.*  They tried to avoid his leering by hiding or standing behind doors or furniture, covering their breast areas with books and other items, and changing their manner of dress. The sexualization was so intense, frequent, and pervasive (standing alone and also in combination with his racist behavior) that it created a seriously offensive and hostile work environment. It interfered with their work performance. It altered the terms and conditions of their employment.  Reports to their direct manager were futile. No one in firm management or law partner Eric Reiersen took any proper action to protect staff and stop Ritchie over the years. Ritchie's unlawful conduct persisted.

Plaintiffs and others became more sickened, distressed, fearful and unsafe.  Finally, many joined together and demanded it stop.  Plaintiffs suffered retaliation for reporting and demanding change and fair treatment. Yet his misconduct

COMPLAINT FOR DAMAGES AND FURTHER RELIEF –
2 of 29
{2374.01 - 00117550}

**VREELAND LAW PLLC**
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 - FACSIMILE (425) 623-1310

continued. Plaintiffs bring this action to recover damages for the harm they suffered and to protect others.

Brandon Ritchie, Eric Reiersen, and their law firm have violated state and federal laws against discrimination. And as lawyers, Brandon Ritchie and Eric Reiersen have violated the ethics and standards of the Rules of Professional Conduct.   It is misconduct for a lawyer in his professional activities to commit a discriminatory act prohibited by state law, including on the basis of sex, race or national origin; or to commit any other act that reflects disregard for the rule of law in their conduct as a lawyer or otherwise.  RPC 8.4 (g), (i).  "[J]ustice is based upon the rule of law grounded in respect for the dignity of the individual….for only through law does the dignity of the individual attain respect and protection." To fulfill the lawyers' vital role "as guardians of the law," their "obligation is to maintain the highest standards of ethical conduct." *Fundamental Principles of Professional Conduct,* Washington Rules of Professional Conduct (RPC).

The acts and/or omissions of Brandon Ritchie, his law firm, and his law partner, Eric Reiersen, have injured and harmed many, including Plaintiffs. Brenda Frias Perez, Gloria Guizar Negrete, Oralia Gutierrez-Verduzco, and Patricia Lozano, by and through their undersigned counsel of record, as and for their claims against Defendants, allege as follows:

COMPLAINT FOR DAMAGES AND FURTHER RELIEF – 3 of 29
{2374.01 - 00117550}

## II.    PARTIES

2.1    Plaintiff Brenda Frias Perez ("Frias") is and was a resident of Benton County, Washington, at all relevant times herein.  She is female and identifies as Latina/Hispanic.

2.2    Plaintiff Gloria Guizar Negrete ("Guizar") is and was a resident of Benton County, Washington, at all relevant times herein.  She is female and identifies as Latina/Hispanic.

2.3    Plaintiff Oralia Gutierrez-Verduzco ("Gutierrez-Verduzco") is and was a resident of Benton County, Washington, at all relevant times herein.  She is female and identifies as Latina/Hispanic.

2.4    Plaintiff Patricia Lozano ("Lozano") is and was a resident of Franklin County, Washington, at all relevant times herein.  She is female and identifies as Latina/Hispanic.

2.5.    Defendant Ritchie Law, PLLC d/b/a/ Ritchie Reiersen Injury & Immigration Attorneys ("Ritchie Reiersen" or "the Firm") is a professional limited liability company doing business in the state of Washington, existing and organized under the Washington Constitution and the laws of the state of Washington.  It provides legal services and represents clients in personal injury and immigration matters. Its primary place of business, and  where Plaintiffs were employed, is located at 316 N. Neel Street, Kennewick, WA 99336, in Benton

COMPLAINT FOR DAMAGES AND FURTHER RELIEF – 4 of 29
{2374.01 - 00117550}

County.  Ritchie Reiersen has several other office locations, staffed or not, in several cities in Washington, and at relevant times, had offices in Arizona and Oregon.  On information and belief, Ritchie Reiersen advertises that it provides legal services for clients "in all states."  At all relevant times, it employed more than eight (8) employees for purposes of application of chapter 49.60 RCW, and more than fifteen (15) for purposes of application of Title VII under federal law. The Firm is strictly liable for the unlawful conduct of Ritchie and of the misconduct of Reiersen.

2.6.    Defendant Brandon M. Ritchie ("Ritchie") is and was a resident of Benton County, Washington at all relevant times. He is Caucasian.  He was admitted to the Washington State Bar on May 18, 2012, issued Bar #44790, and has continued to be a licensed lawyer in Washington since that date.  In 2015, he founded the firm, Ritchie Law PLLC, which he continues to own and operate as Ritchie Reiersen, along with his partner, Eric K. Reiersen ("Reierson").

2.7.    Ritchie personally engaged in discriminatory acts and conduct based on race, national origin, and/or gender against each of the Plaintiffs in violation of state and federal anti-discrimination laws.  Ritchie committed such acts in his capacity as owner and as partner of his firm, Ritchie Reiersen, and during the course and scope of his work as an attorney and firm owner, which livelihood was for the benefit and on behalf of his marital community. Ritchie is subject to

COMPLAINT FOR DAMAGES AND FURTHER RELIEF – 5 of 29
{2374.01 - 00117550}

individual liability for engaging, perpetrating and/or participating in discriminatory and retaliatory acts against Plaintiffs.

2.8    Defendant Eric K. Reierson ("Reierson") is and was a resident of Yakima County, Washington, at all relevant times. He is Caucasian.  He was admitted to the Washington State Bar on November 22, 2011, issued Bar #44247, and has continued to be a licensed lawyer in Washington since that date. He became a partner with Ritchie in July 2016 and has continued to practice law under the firm name, Ritchie Reiersen as an owner and partner.

2.9.    Eric Reiersen engaged in acts and/or omissions which aided, abetted, encouraged, incited, and/or permitted the discriminatory acts and conduct based on race, national origin, and/or gender against each of the Plaintiffs in violation of state and federal anti-discrimination laws.  Reiersen committed such acts and/or omissions in his capacity as owner and as partner of his firm, Ritchie Reiersen, and during the course and scope of his work as an attorney and firm owner, which livelihood was for the benefit and on behalf of his marital community. Pursuant to chapter 49.60 RCW, Reiersen is subject to individual liability for his acts and/or omissions.

COMPLAINT FOR DAMAGES AND FURTHER RELIEF – 6 of 29
{2374.01 - 00117550}

### III.    JURISDICTION AND VENUE

3.1.    Plaintiffs bring federal claims against Defendant Ritchie Reiersen pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. seq. ("Title VII").

3.2.    Plaintiffs bring state claims against all Defendants pursuant to the common law of the State of Washington, and Washington's Law Against Discrimination ("WLAD"), chapter 49.60 RCW.

3.3. Plaintiffs have completed all pre-requisites to filing of this action for violations of Title VII. Plaintiffs filed charges with the EEOC identified as Charge Nos. 551-2023-04642, 04645, 04656, and 04657, and were issued Notices of Right to Sue dated June 12, 2024. This case has been filed within 90 days of each Plaintiff's receipt of the Notice of Right to Sue per the requirements of Title VII.

3.4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, which grants district court jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

3.5.    This Court also has subject matter jurisdiction pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1343(a)(4), which grants district court original jurisdiction over any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

**VREELAND LAW PLLC**
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 - FACSIMILE (425) 623-1310

3.6.    This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. §1367(a) because those claims arise out of the same case or controversy as the federal claims.

3.7.    Venue is proper in this Court under 28 U.S.C. §1391(b) because Plaintiffs and Defendants reside in or have a principal place of business within the Eastern District of Washington, in the Richland Division of this Court, and the events giving rise to Plaintiffs' claims occurred in Kennewick, WA, in the Richland Division of this District.

## IV.    STATEMENT OF FACTS

**The Firm's Long-Term Workplace Culture Permitted Racist Behavior and Speech, and the Sexual Objectification and Harassment of Latinas**.

4.1.    Brandon Ritchie has engaged in a stated preference and practice of soliciting and hiring young Latinas as non-lawyer employees, receptionists, and paralegals.  Over the years, many new Latina employees had no prior work experience in the legal field, and many were only a few years out of school.  This practice has continued at the Firm with the addition of Eric Reiersen as a partner. The non-lawyer paralegal staff of the Firm, particularly in the Firm's principal office in Kennewick, WA, historically and at relevant times, has been comprised of nearly all young Latinas.

4.2.    Commencing as early as 2016 and for over five-plus years *prior* to

COMPLAINT FOR DAMAGES AND FURTHER RELIEF – 8 of 29
{2374.01 - 00117550}

VREELAND LAW PLLC
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 - FACSIMILE (425) 623-1310

the employment of each of the Plaintiffs,  Brandon Ritchie engaged in widespread, extensive, and systemic practice of sexually objectifying women. On a daily basis and at times more than once a day, he repeatedly and openly leered and stared at their bodies, breasts, buttocks, and legs. In particular and with greatest frequency, he was very obvious in his actions of locking into a stare and leering at a woman's chest and breasts for long periods of time, in nearly every encounter.  His conduct was well-known with staff. It was reported to supervisor/management, some of whom personally observed, received complaints, or were told about such misconduct.   But nothing was done, and Brandon Ritchie did not stop. He persisted unchecked.  Most women attempted to protect themselves against his ogling and brazen staring at their breasts, including:

- only going in groups to his office when necessary,

- covering and shielding themselves with papers, folders, laptops, or other items,

- dressing differently with baggier clothes, turtlenecks, and cardigans,

- approaching from behind to avoid his leering,

- sitting down to avoid him staring at their crotch area, and

- avoiding attending office events.

Women employees were made to feel like sexual objects and not as valued professionals. They were humiliated, fearful and felt unsafe.  His behavior

COMPLAINT FOR DAMAGES AND FURTHER RELIEF – 9 of 29
{2374.01 - 00117550}

**VREELAND LAW PLLC**
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 - FACSIMILE (425) 623-1310

interfered with their ability to focus on their work. Many felt powerless and afraid to confront him, the owner of the Firm.

4.3     In addition, *prior* to the employment of each of the Plaintiffs,  and concurrently with the non-stop leering, Ritchie made statements, comments and attempts at "jokes" which were derogatory, racist, pejorative, insensitive, demeaning, and abusive. He targeted Hispanics, Mexicans, other races, and women.  The Firm advertises its legal services heavily to the Hispanic community, and the client base is predominately Latinx/Hispanic. The Firm spends hundreds of thousands of dollars per year advertising in Spanish-language radio stations throughout Washington, in businesses frequented by Hispanics such as taco trucks, Mexican restaurants, and Mexican butcher shops, and in sponsorships of Hispanic events in the community.  The Firm's staff and lawyers often travel to nearby farm and bring packed lunches to directly solicit business from immigrant agricultural workers.  In its Spanish-radio spots, the Firm advertises that it handles personal injury cases in all fifty states, although it does not employ lawyers licensed in all such states.

4.4.    Ritchie's racist comments were often made to or in the presence of his Latina employees; as well as about the Hispanic or immigrant clients, often rooted in racist tropes. For example:

COMPLAINT FOR DAMAGES AND FURTHER RELIEF –
10 of 29
{2374.01 - 00117550}

- He made fun of and mocked the immigrant laborers and agricultural worker clients who wore dirty clothes.

- He called immigrant clients "illegals" in a disdainful manner.

- He commented with contempt about low-wage immigrant workers, critical of their lack of education, that they should go to school.

- He called Mexican music "trash" and "clown music;"

- He stated that monolingual Spanish-speaking clients should learn English because this is "America" (statements which were often made alongside praises of former President Donald Trump's anti-immigrant comments).

- He called his Latina employees his "burritos" to their faces.

- He mockingly asked, "Aren't Mexicans supposed to know how to swim?" referencing the racist trope that Mexicans in the United States crossed the border illegally by swimming the Rio Grande.

4.5     Steven L. Ritchie, Brandon's brother, served as the Firm's Office Manager. He engaged in sexually harassing, objectification of women, including disparaging comments about women and immigrants at the workplace. He frequently ogled, leered and stared at the body, breasts, and buttocks of numerous female employees, and engaged in unsolicited advances. Despite being informed

VREELAND LAW PLLC
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 - FACSIMILE (425) 623-1310

of the unwelcome and improper conduct, the Firm, Eric Reiersen, and Brandon Ritchie each failed to stop or remedy Steven Ritchie's misconduct.

4.6.    The workplace generally had become an offensive and hostile environment for most Latinas and women.  The acts and omissions of Defendants adversely impacted and altered the terms and conditions of their employment.

**Plaintiffs Were Subjected to Sexual Objectification, Discrimination, Retaliation, and Targeted for Hostile or Abusive Treatment Due to Race, National Origin, Ethnicity, and Gender.**

4.7.    Plaintiffs each began their employment with Ritchie Law in late 2021/early 2022.  They walked into a workplace environment which was already toxic and hostile to Hispanics and Latinas. Plaintiffs were sexualized and objectified by Brandon Ritchie, with sexual leering fixed mainly on their breasts and buttocks on an almost daily basis in the same way and manner as those employed before them. Plaintiffs were demeaned and subjected to derogatory, offensive sexist comments and racist jokes and comments from Ritchie about women, Hispanics, Mexicans, and immigrants.

4.8.    Plaintiff Lozano started employment at the Firm in December 2021, at age 29, as the immigration department receptionist. She was promoted to Legal Assistant in March 2022.

4.9.    Plaintiff Guizar started employment at the Firm on February 1, 2022, at age 23, as a paralegal in the personal injury department. After just a few days,

COMPLAINT FOR DAMAGES AND FURTHER RELIEF –
12 of 29
{2374.01 - 00117550}

she accepted a change to be a legal assistant in the immigration department.  On March 8, 2022, she was promoted to lead immigration paralegal.

4.10.  Plaintiff Frias started employment at the Firm on March 7, 2022, at age 21, as an immigration paralegal.

4.11.  Plaintiff Gutierrez-Verduzco started employment at the Firm in May 2022, at age 21, as receptionist for the immigration department.

4.12.  During each Plaintiff's interview with Ritchie, he asked them improper personal, intimate, and intrusive questions, leered, and stared directly at their breasts and bodies, making each of them quite uncomfortable and alarmed, embarrassed, self-conscious, and violated.  His behavior included, for example:

- Asking marital status, whether had kids, whether going to have more [Lozano]

- Asking marital status, whether planned to get married [Guizar]

- Asking marital status, whether had kids, claiming he was a "cool boss" [Gutierrez-Verduzco]

- Asking marital status, or whether she just wore a ring "to avoid getting hit on by guys" [Frias]

- Locking his eyes on their breasts [all Plaintiffs] and  "burning a hole" in her shirt throughout the entire interview [Lozano]

COMPLAINT FOR DAMAGES AND FURTHER RELIEF –
13 of 29
{2374.01 - 00117550}

**VREELAND LAW PLLC**
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 -  FACSIMILE (425) 623-1310

- Staring constantly at her breasts, and adjusting his chair to get a better view when she moved her body or chair to get out of his line of sight [Guizar]

- Trying to look through the button closure area of her blouse, staring at her chest [Frias]

- Leering at her chest despite her attempts to shift and shield her body, and adjusting his chair to look down at her legs [Guitterez-Verduzco].

4.13. Believing this conduct would not continue or that they misread him, each Plaintiff accepted a position with the Firm. But as they continued to work, each experienced Ritchie watching them, pursuing them down the hall or in the kitchen, and staring at them with sexualized leering at their breasts or buttocks during nearly every single encounter with him. For example:

- He greeted them in the hallways and locked eyes on their breasts.

- On a near daily basis, he took every opportunity to peek, peer and stare at parts of their bodies.

- He would stare at them from across the room or from his office doorway.

- He stared and looked them over from head to toe, up and down.

- They would have to cross by his office door to get coffee or use the kitchen, and he would stare at them as they passed, or get up to follow and engage

COMPLAINT FOR DAMAGES AND FURTHER RELIEF –
14 of 29
{2374.01 - 00117550}

in small talk. But instead of looking them in the eye, he would just stare non-stop at their breasts, or up and down their body.

- During immigration staff meetings with the women in a circle, he would stare at their breasts, unabashed.

One day, he became fixated on Gutierrez-Verduzco as she walked by to go to the storage room while he was talking with a manager. She felt him staring at her as she passed and then glanced back to see him staring intensely at her buttocks. To escape his leering, she walked further into the storage room with her back toward the door. As she worked, she felt his eyes on her. When turning to leave, she was startled and very shaken to see him standing in the doorway, eyes glued on her and watching her.

4.14. Plaintiffs felt naked, exposed, and vulnerable. They became scared and uneasy. Each resorted to several defensive acts to try to protect themselves. For example, they would:

- cover up as much of their breasts and body as possible;

- change the types of clothes they wore to try to cover as much of their body as possible;

- use nearby objects to block or shield their breasts and parts of their bodies;

- turn their body away from Ritchie; and

COMPLAINT FOR DAMAGES AND FURTHER RELIEF –
15 of 29
{2374.01 - 00117550}

VREELAND LAW PLLC
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON 98004
(425) 623-1300 - FACSIMILE (425) 623-1310

- try to avoid Ritchie entirely.

4.15. Plaintiffs came to learn from their female Latina co-workers that Ritchie also leered at their breasts, chests, and buttocks, and that they also took similar protective and avoidance measures against him. Plaintiffs conferred with other Latinas in the immigration section about not wanting to attend office parties (swimming and kayaking), and all agreed they had to go, but they would not wear bathing suits, revealing summer clothes, or swim due to Ritchie's presence. They even pooled their money to buy a microwave for their area of the office to avoid having to walk by Ritchie's office to get to the kitchen.

4.16. The long-term practice of hiring young Latinas, some without any legal office experience, was in part because Ritchie noted they would be grateful, were more passive and would not make complaints, and would not negotiate or press for higher pay. He overworked the Plaintiffs, created competition between the immigration teams, continued to demand more and more production, set and changed their hourly pay rates inconsistently, and instructed them not to share their hourly rate with others.

4.17. Ritchie frequently pried into the private, intimate aspects of female employees' personal relationships, asking whether they were happy with their husbands, whether their husbands treated them right, when they would be getting married or why they were not yet married. Ritchie regularly made many belittling

COMPLAINT FOR DAMAGES AND FURTHER RELIEF – 16 of 29
{2374.01 - 00117550}

**VREELAND LAW PLLC**
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 -  FACSIMILE (425) 623-1310

and derogatory comments about and to Plaintiffs concerning their national origin, race, legal status, and gender, while at the same time staring at their breasts constantly. For example,

- Frias and Guizar had long-term dreams of attending law school and shared their participation in a prestigious pre-law program at Heritage University in partnership with the three state law schools. Ritchie made disparaging comments several times that they would be admitted simply because they were Hispanic women, were from farm and hard-working families (something he assumed); or that they would get in "no matter what" due to "affirmative action" and regardless of their LSAT scores; that he went to law school with five "Mexicans" and six Blacks and they "were the dumbest people [he] ever met" and were there "because of affirmative action."

- When Ritchie learned from Guizar that the LSAT had been postponed but would still be holding in-person testing only for those who required disability accommodations, he mockingly stated, "Well you should have told them you were a woman!" clearly implying that being female was a disability. He walked away laughing.

- When Ritchie saw Gutierrez-Verduzco filling water bottles with filtered water, he acted surprised, and stated he thought "Mexicans were used to

COMPLAINT FOR DAMAGES AND FURTHER RELIEF –
17 of 29
{2374.01 - 00117550}

VREELAND LAW PLLC
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON 98004
(425) 623-1300 - FACSIMILE (425) 623-1310

drinking tap water." She rebuffed him, said she grew up with filtered water. He laughed and walked away.

4.18. In August 2022, Ritchie called a staff meeting and when they all gathered around him, he looked them all over physically, including at Frias' breast area before starting. He complained that calls were being missed, advising them they had fired a staff member in another office. One of the staff suggested that a third-party answering system be used to avoid missed calls, but Ritchie was adamant that a person from another country could not answer his phones, and sarcastically mocked an Indian accent while imitating answering a phone call. The room went dead silent, and as he looked around, he said "Oops, wrong crowd." He quickly ended the meeting.

4.19. Management and ownership observed, knew, or had reason to know of Ritchie's discriminatory, harassing actions and misconduct. Reports were made to Plaintiffs' manager, Richard Razo. Nothing changed. Razo acknowledged he had heard it all before, explained that was just how Ritchie was, and that he was not going to change. Plaintiffs became increasingly distressed, anxious, and upset.

4.20. In the fall of 2022, Plaintiffs and others decided to try to get help from Jennifer Diaz, the only Latina lawyer at the Firm who had been working in the Kennewick office but was now in the new Arizona office. They made reports to Ms. Diaz who spoke to Reiersen on their behalf. He requested a listing of

COMPLAINT FOR DAMAGES AND FURTHER RELIEF – 18 of 29
{2374.01 - 00117550}

VREELAND LAW PLLC
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON 98004
(425) 623-1300 - FACSIMILE (425) 623-1310

examples of the misconduct. Plaintiffs sent him a letter on September 16, 2022, detailing some of Ritchie's misconduct, and copied Ms. Diaz and non-lawyer Immigration Manager, Richard Razo.  Among other things, they asked that their reports be thoroughly investigated.

4.21.  On September 19th, Ritchie sent an "apology." He did not deny the conduct they described.  He expressly acknowledged that he has "crossed the professional line," but tried to claim his actions were not with malicious intent.

4.22.  A group meeting was held the next day with Plaintiffs, Ms. Diaz, Shane Crager (a new attorney in the Firm), Brandon Ritchie, Eric Reiersen and Richard Razo. Among other things, Ritchie discounted the offensive racial comments, dismissing them as jokes, and claiming they were acceptable because he had a Mexican friend. Ritchie praised Plaintiffs and their work, stating he "loved" them. He acknowledged that the conduct they complained about had been previously raised with him by others, joking that he may have some issue controlling his eyes. He said if they caught him staring at women inappropriately again to "kick him in the shins."

4.23.  At the meeting, Plaintiffs then presented him with a list of changes including hiring an HR staff member, changing in their reporting structure, and fair, appropriate wages. Instantly, Ritchie's demeanor changed -- he became harsh and defensive. He said they could not afford such changes, that they should trust

COMPLAINT FOR DAMAGES AND FURTHER RELIEF – 19 of 29
{2374.01 - 00117550}

**VREELAND LAW PLLC**
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 - FACSIMILE (425) 623-1310

that he would change, but that if they did not feel safe he would write a good recommendation letter for anyone who wanted to leave. He said they could leave several times. The meeting then abruptly ended.

4.24. Shortly after the meeting, for the first time Plaintiffs learned from Ms. Diaz that she had suffered similar sexual harassment from Ritchie starting in late 2021 and had complained to Reiersen in the spring of 2022. She told Plaintiffs that Ritchie had apologized to her and promised it would not happen again to her or to anyone, offering some of the same excuses and apologies to her that he had given Plaintiffs at the meeting. Ms. Diaz was very upset that Ritchie had broken his promises to her, as she did not know about his past history or the misconduct toward the Plaintiffs. Ritchie asked what she would say if the Plaintiffs made reports to a government agency about him. She said she would tell the truth and hoped he would. Within a few days of the September 20th meeting, she was terminated without warning. Ms. Diaz filed a lawsuit against Defendants in King County Superior Court, Cause No. 23-2-06198-5 SEA, on April 6, 2023 alleging sexual harassment, discrimination, and retaliation. Discovery and depositions were undertaken, and the matter has now been settled.

4.25. Immediately after the September 20th meeting, Plaintiffs and the other immigration paralegals who joined in their complaints were instructed they could no longer take breaks together, and there would now be weekly meetings

COMPLAINT FOR DAMAGES AND FURTHER RELIEF – 20 of 29
{2374.01 - 00117550}

VREELAND LAW PLLC
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON 98004
(425) 623-1300 - FACSIMILE (425) 623-1310

with attorney Crager to discuss their performance and weekly assignments. They began to be micro-managed and their work overly-scrutinized. Before they made their complaints, they had been praised for being one of the best immigration teams that the Firm had. After their complaints, they were watched, further intimidating them, and tasked with preparing training materials for virtual legal assistants and paralegals to replace them in total or in part. Virtual assistants from Nicaragua and Argentina were in fact hired.

4.26. Plaintiffs continued to be fearful. The workplace was full of tension. Plaintiffs would coordinate their work in order to walk with another in the office hallways to avoid being alone with Ritchie. He would actively avoid speaking to, being near or having any interaction with any of the Plaintiffs and the others who were part of the complaints. If he came across one of them, he would quickly dart the other way, or dramatically flatten his back against the wall if one of them was to pass by. If required to speak with one of them, he would look at the ceiling the entire time or at another area of the workspace. Ritchie's behavior created more anxiety in the workplace. He only acted this way toward Plaintiffs and those who also complained with them. His behavior mocked the seriousness of their complaints and his behavior. They were treated as outcasts and ostracized. It was humiliating and punitive.

COMPLAINT FOR DAMAGES AND FURTHER RELIEF – 21 of 29
{2374.01 - 00117550}

**VREELAND LAW PLLC**
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON 98004
(425) 623-1300 - FACSIMILE (425) 623-1310

4.27.  Despite his promises, Ritchie again began to leer and stare, but now it was focused on other women who had not complained.  He stared at their breasts in the presence of some of the Plaintiffs. And he began to again stare at Gutierrez-Verduzco's breasts, causing her more anxiety.

4.28.  Within a short time, attorneys Richard Aguire and Anna Jones left the Firm, both aware of the complaints of Ms. Diaz and Plaintiffs.  A few of the other paralegals were either fired or resigned, and their workload was dumped on one or more of the Plaintiffs along with the comment that they were capable enough to handle the extra work.  They were promised that they would get additional help, but no one was hired. The workplace became more and more challenging and hostile.  It appeared that the Firm was trying to get them to resign.

4.29.  On October 10, 2022, Ritchie came to the front desk to talk with Gutierrez-Verduzco, and looked down at her chest/breast area multiple times.  She became so visibly uncomfortable, he finally went back to his office. She was afraid to speak up out of fear of being fired, and became more anxious.  Coming to work made her physically ill.

4.30.  Each of the Plaintiffs suffered feelings of depression, worry and anxiety.  They had continued working only out of their relationship with and concern for the many clients, who were counting on their timely help. Plaintiffs'

COMPLAINT FOR DAMAGES AND FURTHER RELIEF –
22 of 29
{2374.01 - 00117550}

mental health was poor, they dreaded going to the office and spent whole workdays on edge. Their self-confidence and self-esteem were deteriorating.

4.31.  On January 6th, 2023, Brenda Frias left the Firm.

4.32.  On February 10th, 2023, Gloria Guizar left the Firm.

4.33.  In February 2023, the Firm began interviewing for new employees. In March, Gutierrez-Verduzco was asked to train a new employee, and accidentally saw that her own job title had been assigned to the new employee. She had not been informed of any issues with her performance and had not been placed on any performance improvement plans. As a result of her increasing worry, anxiety, and dread at work, she began to miss about one day of work a week.

4.34.  On April 7th, 2023, Patricia Lozano left the Firm.

4.35.  Gutierrez-Verduzco desperately wanted to leave, but she had not been able to find new employment and could not survive unemployed. She applied for numerous other jobs.  And she continued at the Firm working as best she could, but would become emotionally upset and would frequently cry at work. She would feel sick in the mornings before work, and when it got too difficult, she would call in with some excuse to avoid having to be around or see Ritchie.

4.36.  On September 5th, 2023, she was told that she would need to provide a doctor's note when she missed a day of work, and that if she could not work a

COMPLAINT FOR DAMAGES AND FURTHER RELIEF –
23 of 29
{2374.01 - 00117550}

VREELAND LAW PLLC
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 - FACSIMILE (425) 623-1310

40-hour week she would need to leave the Firm.  Her health issues were due to Ritchie's misconduct. She refused to voluntarily quit as they suggested. She needed to work and needed the income despite how sick it made her.  She was then told that they would not ask her to leave.

4.37.  On Monday, March 18, 2024, she again called in sick, and the next day, March 19th, she went in early to make up for missed time.  She was fired that morning, effective immediately. The termination notice was dated March 18th.

4.38.  As a result of Defendants' conduct, acts, and omissions alleged herein, each of the Plaintiffs has suffered harm and injuries, past, present and future, including but not limited to economic damages and non-economic damages, pain and suffering, fear, anxiety, humiliation, worry, emotional distress, and loss of enjoyment of life in an amount to be proven and determined at trial.

## V.    FIRST CAUSE OF ACTION
### Violation of Washington's Law Against Discrimination, Ch. 49.60 RCW
### (as to all Defendants)

5.1.    Plaintiffs reallege above Section I, and paragraphs 1.1 through 4.38.

5.2.    The conduct, acts, and/or omissions of Defendants against Plaintiffs during their employment constitute independent, separate acts in violation of chapter 49.60 RCW, specifically RCW 49.60.030(1)(a), RCW 49.60.l80, and RCW 49.60.210(1) for (1) sexual harassment discrimination based on Plaintiffs' gender and/or race or ethnicity; (2) discrimination in terms or conditions of

COMPLAINT FOR DAMAGES AND FURTHER RELIEF –
24 of 29
{2374.01 - 00117550}

employment; (3) hostile work environment based on Plaintiffs' gender; (4) hostile work environment based on Plaintiffs' race, ethnicity, and/or actual or perceived national origin;  and (5) retaliation for engaging in protected and/or opposition activity in reporting what Plaintiffs reasonably believed to be sexual harassment, hostile work environment, and discrimination based on gender and/or race or ethnicity. Each such act or acts, singularly and/or collectively, is in violation of chapter 49.60 RCW.

5.3.    The Firm Ritchie Reiersen is the employer, and strictly liable under chapter 49.60 RCW, specifically RCW 49.60.180(3) and RCW 49.60.210(1), for the acts and omissions of owners Defendants Ritchie and Reiersen.

5.4.    Defendant Ritchie is subject to personal liability under chapter 49.60 RCW, including RCW 49.60.040(11) as a person acting in the interest of the employer; and as the principal perpetrator of the wrongful discriminatory acts, including retaliation; and the principles established under case law, including but not limited to *Brown v. Scott Paper Worldwide Co.*, 143 Wn.2d 349, 358, 361 (2001).

5.5.    Defendant Reiersen is subject to personal liability under chapter 49.60 RCW, including RCW 49.60.040(11) as a person acting in the interest of the employer violating RCW 49.60.180(3) and RCW 49.60.210(1); and under

COMPLAINT FOR DAMAGES AND FURTHER RELIEF – 25 of 29
{2374.01 - 00117550}

RCW 49.60.220 for aiding, abetting, encouraging, and/or inciting the commission of the discriminatory acts, including retaliation, against Plaintiffs.

5.6.    As a result of the discriminatory acts and violations of chapter 49.60 RCW, Plaintiffs have been injured and damaged in an amount to be proven at trial, for which they have a statutory cause of action under RCW 49.60.030(2) for recovery of all actual and compensatory, economic and non-economic, special and general damages.

5.7.    Plaintiffs are further entitled to recover their costs, litigation expenses, and reasonable attorneys' fees against Defendants pursuant to RCW 49.60.030(2) and case law.

## VI.    SECOND CAUSE OF ACTION
### Violation of Title VII of the Civil Rights Act of 1964
### (as to Ritchie Reiersen)

6.1    Plaintiffs reallege above Section I, and paragraphs 1.1 through 4.38.

6.2    The conduct, acts, and/or omissions of Defendant Ritchie Reiersen against Plaintiffs during their employment constitute independent, separate acts in violation of Title VII for (1) sexual harassment discrimination based on Plaintiffs' gender and/or race or ethnicity; (2) discrimination in terms or conditions of employment; (3) hostile work environment based on Plaintiffs' gender; (4) hostile work environment based on Plaintiffs' race, ethnicity, and/or actual or perceived national origin;  and (5) retaliation for engaging in protected

COMPLAINT FOR DAMAGES AND FURTHER RELIEF –
26 of 29
{2374.01 - 00117550}

**VREELAND LAW PLLC**
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 - FACSIMILE (425) 623-1310

and/or opposition activity in reporting what Plaintiffs reasonably believed to be sexual harassment, hostile work environment, and discrimination based on gender and/or race or ethnicity. Each such act or acts, singularly and/or collectively, is in violation of Title VII.

6.3.   As a result of the discriminatory acts, Plaintiffs have been injured and damaged in an amount to be proven at trial, for which they are entitled for recovery of all actual and compensatory, economic and non-economic, special and general damages.

6.4.   Plaintiffs are entitled to recover their costs, litigation expenses, and reasonable attorneys' fees against Defendant Ritchie Reiersen.

6.5.   The conduct, acts, and/or omissions of Defendant Ritchie Reiersen constitute willful, deliberate, reckless, or callous indifference to and/or reckless disregard for the civil rights of Plaintiffs, and/or arose from ill will, malice, evil motive or intent, giving rise to an award of punitive damages against Defendant Ritchie Reiersen.

## VII.   THIRD CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### (as to all Defendants)

7.1   Plaintiffs reallege above Section I, and paragraphs 1.1 through 4.38.

7.2   The conduct, acts, and/or omissions of Defendants against Plaintiffs constitute negligent infliction of emotional distress.

COMPLAINT FOR DAMAGES AND FURTHER RELIEF –
27 of 29
{2374.01 - 00117550}

**VREELAND LAW PLLC**
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 - FACSIMILE (425) 623-1310

7.3    As a result and proximate cause of Defendants' negligent acts, Plaintiffs have been injured and damaged in an amount to be proven at trial, for which they are entitled to recovery of all damages sustained, including but not limited to past and future, actual and compensatory, economic, and special and general damages.

7.4    Plaintiffs are entitled to recover their costs, litigation expenses, and reasonable attorneys' fees against Defendants pursuant to RCW 49.48.030 and 49.52.070.

## VIII.  JURY DEMAND

8.1.    Plaintiffs hereby request and demand trial by jury.

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief against the Defendants as follows:

A.    For award and entry of judgment (1) against all Defendants, joint and several, for all actual damages, including past and future compensatory, economic, non-economic, special, general, and emotional distress damages allowed by state law, and against Defendant Ritchie Reiersen as allowed by federal law;  (2) against all Defendants, joint and several, for pre-judgment and post-judgment interest allowed by state law, and against Defendant Ritchie Reiersen under federal law; (3) against all Defendants, joint and several, for post-verdict award of enhanced damages to offset federal tax consequences allowed by

COMPLAINT FOR DAMAGES AND FURTHER RELIEF –
28 of 29
{2374.01 - 00117550}

**VREELAND LAW PLLC**
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 - FACSIMILE (425) 623-1310

state law; and (4) against Defendant Ritchie Reiersen for punitive damages as allowed under federal law.

B.    For award and entry of judgment against Defendants for all costs, litigation expenses, and reasonable attorneys' fees as may be allowed by state and/or federal law.

C.    For entry of injunctive relief against Defendants to enjoin further violations by any of the Defendants to ensure compliance with state and federal anti-discrimination laws, as is deemed necessary by the Court.

D.    For such other and further relief as the Court deems just and proper, including the referral to the Washington State Bar Association, Office of Disciplinary Counsel, for appropriate consideration under the Rules of Professional Conduct.

DATED this 28th day of August, 2024.

VREELAND LAW PLLC

By: _Victoria L. Vreeland_
Victoria L. Vreeland, WSBA No. 08046

VREELAND LAW PLLC
500 108th Avenue NE, Suite 740
Bellevue, WA  98004
Tel: (425) 623-1300
Fax: (425) 623-1310
Email:  vicky@vreeland-law.com
*Attorney for Plaintiffs*

COMPLAINT FOR DAMAGES AND FURTHER RELIEF –
29 of 29
{2374.01 - 00117550}